United States District Court
Southern District of Texas
**ENTERED**
March 25, 2025
Nathan Ochsner, Clerk



# UNITED STATES DISTRICT COURT

for the

Southern District of Texas

United States of America
v.
Perry Jefferson, Marcus Williams, and Ciana Colbert
*Defendant*

Case No. 4:25-cr-91

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves: **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; ***and***

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; ***and***

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the

defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☒ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☒ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☒ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☒ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

## Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☐ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☐ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☒ Lack of financially responsible sureties

- ☐ Lack of significant community or family ties to this district
- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

On March 24, 2025, the Court held a hearing to determine whether Defendants should be held in custody pending trial in accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3142(f). Defendants are charged in a criminal indictment with aiding and abetting interference with commerce by robbery in violation of 18 U.S.C § 1951 (a), and aiding and abetting brandishing a firearm in relation to a crime of violence in violation of 18 U.S.C. §§ 924 (c)(1)(A)(ii), and Defendant Colbert is charged with aiding and abetting carjacking in violation of 18 U.S.C. 2119 and 2. Assistant United States Attorney Jill Stotts appeared on behalf of the United States. Assistant Federal Public Defender Curtis Johnson appeared on behalf of Defendant Perry Jefferson, CJA Kimberly McTorry appeared on behalf of Defendant Marcus Williams, and CJA Marvin Mosbacher appeared on behalf of Defendant Ciana Colbert.

EVIDENCE PRESENTED

The Government's Evidence Shows Defendants Are A Danger To The Community

At the hearing, the United States presented the testimony of a Special Agent ("SA") with the Bureau of Tobacco, Alcohol, Firearms and Explosives ("ATF"). SA credibly testified as follows:

1. On August 28, 2024, September 4, 2024, and September 11, 2024, multiple retail stores were robbed at gunpoint. Defendants Williams and Colbert were involved in all three robberies. Defendant Jefferson was involved in the last two. The robberies were carried out with two individuals entering the store and pretending to shop. The store door was locked, requiring someone to open it to let them in. Once in the store, the two, which included Colbert and Jefferson would open the door to let two masked robbers in the store. The robbers then robbed the store at gunpoint. Then all four exited the store and left in the same vehicle. Williams was the one who entered with a mask and gun and robbed the store employee of cash. In additon, a car was stolen from a driveway to commit the first robbery. For the second and third robberies, a car was carjacked. In both instances, Defendant Jefferson arranged to meet a "date" he met on a dating app. The date appeared at an apartment complex these Defendants were known to frequent. Jefferson was in the car with the owner, when in each instance, another accomplice approached the car with a gun and carjacked the car from the victim/date. In each instance, Defendants Williams and Colbert got into the car. In one instance, Colbert had a gun on her. In each instance, Defendants drove the victim around and eventually dumped him out of the car. They kept the cars to go to the store to commit the next robbery. Finally, in one instance, Colbert and the accomplice carjacked a person who was sleeping in his car on the side of the road. The accomplice hit the victim with a rifle in the mouth. Then Colbert got into the back seat with the victim and pistol whipped him. The evidence showed that the victim was injured.

2. The evidence showed that the robberies were captured on the store videos where you could see the Defendants and the roles they played in carrying out the robberies. The gunmen were masked and could not be identified from the videos. Jefferson and Colbert were visible and identifiable.

3. The evidence showed that the first two carjacking victims identified Colbert, Jefferson, and Williams in the carjacking. While the gunman was not one of the Defendants, each victim said that Jefferson set them up for the robbery with the meet up for the date. One victim said the Colbert had a gun on her during the carjacking.

4. The evidence showed that when Jefferson and Colbert were arrested, they waived their Miranda and gave statements. Each of them admitted to his/her role in the robberies and carjacking. Each of them identified Williams as the other participant in the robberies and carjackings. Jefferson told police where the second vehicle could be found. When police went to retrieve the car, Williams was driving it, pulling out of the apartment complex. He was arrested at a gas station. He also waived his Miranda and gave a statement. Williams admitted to his role in the robberies, but claims that he did not participate in the carjacking, only joining the others once the car was already stolen.

5. The PTS established that none of the Defendants have any criminal history outside of these charges for which they are also indicted under state charges.

The Defendants' Evidence

Defendants proffered evidence regarding their ties to the community and potential jobs and custodians. No evidence was introduced regarding the living conditions or the suitability of the third party custodians.

Pretrial Services Recommends Bond

Pretrial Services prepared reports recommending that Defendants be released on bond with third party custodians. Jefferson, 18, lived in an apartment with his mother and siblings when the crimes were committed. Williams, 22, lived in an apartment with his mother and siblings when the crimes were committed. Colbert, 19, resided with her mother and siblings when the crimes were committed. PTS proposed that Jefferson's and Williams' mothers act as third party custodians, and Colbert's grandmother act as her third party custodian.

CONCLUSION

Based on the evidence presented at the hearing, and the information in the Pretrial Services reports, the Court concludes as follows:

(1) The indictment establishes that there is probable cause to believe that Defendants committed the offenses with which they are charged. Pursuant to 18 U.S.C. § 3142(e), this creates a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community or Defendants' appearance as required.

(2) In addition to the presumption, the Government met its ultimate burden of persuasion and produced clear and convincing evidence that Defendants are a danger to the community such that they should be detained pending trial. See 18 U.S.C. § 3142(f) ("[A] finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). The evidence indicates Defendants aided eachother in the robberies of retail stores multiple times, used a gun to threaten the employees to give them the cash, Jefferson set up two victims to be carjacked, and they kidnapped the drivers before releasing them, and Colbert participated in another carjacking where the victim was injured and she further pistol whipped the victim while riding in the car with him before they released him. During that carjacking and the second carjacking, Defendants tried to get into the victims phones unsuccessfully, presumably to commit additional crimes. Although the Defendants are young and have no prior criminal records, the violent nature of the offenses with which Defendants are charged and the multiple robberies and carjackings in a matter of weeks show that there are no conditions that would reasonably ensure the safety of the community and they would continue to be a danger to the community if released. The evidence obtained during the investigation and their own admissions show that the evidence against Defendants is overwhelming. Given that all three Defendants were living with their mothers at the time they committed these offenses, the Court is not persuaded that releasing them to their mothers' or grandmother's care would prove sufficient. Since these crimes were committed under their mothers' watch and no evidence was introduced as to what they would do to ensure compliance with the bond conditions, the Court finds that the Defendants' mothers and grandmother are not adequate custodians under the evidence and these circumstances.

Accordingly, the Court finds that no condition or combination of conditions of release could be imposed upon Defendants that would reasonably ensure the safety of the community; and therefore, it is Ordered that the Defendants shall be detained pending trial.

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 03/24/2025

Dena Palermo

United States Magistrate Judge